IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHELLE DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>STOCK BUILDING SUPPLY WEST, INC., f/k/a ANDERSON LUMBER, and DENNIS HILLMAN,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT STOCK BUILDING'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:03-CV-1088 TS |

    This matter is before the court on Defendant Stock Building's Motion for Summary Judgment. Plaintiff brings claims against her former employer, Defendant Stock Building Supply, for wrongful termination in violation of public policy, sexual harassment and retaliation under Title VII and violation of Utah's Anti-Discrimination Act (UADA).

    Defendant seeks summary judgment on all claims.

    Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could

1

> return a verdict for the nonmoving party in the face of all the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.1991). The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

*Burningham v. Utah Power & Light Company*, 76 F.Supp.2d 1243, 1244 (D. Utah 1999).

The court will first address the wrongful discharge claim. Plaintiff originally based her wrongful discharge claim on her allegations of sexual harassment. However, such a claim is preempted by the Utah Anti-Discrimination Act. *Byers v. Creative Corner, Inc.*, 57 P.3d 1064 (Utah 2002). Plaintiff also contends that Defendant wrongfully discharged her in violation of a public policy in favor of self defense. Plaintiff argues that the Utah criminal statute providing for a defense of justification when the actor's conduct is in defense of persons is a declaration of a public policy of self-defense. Utah Code Ann. § 76-2-401(a).

Under Utah's employment law, an "employee's discharge for a reason that contravenes a clear and substantial public policy gives rise to a cause of action in tort." *Hansen v. America Online, Inc.*, 96 P.3d 950, 952 (Utah 2004). Accordingly, Utah's Supreme Court has "outlined four categories of public policies eligible for consideration under the exception" including "exercising a legal right or privilege, such as filing a workers' compensation claim." *Id*. (quoting *Ryan v. Dan's Food Stores, Inc.*, 972 P.2d 395, 408 (Utah 1998)). "Whether a clear and substantial public policy exists supporting a wrongful discharge claim based on an employer's violation of that policy is a question of law." *Rackley v. Fairview Care Centers, Inc.*, 23 P.3d 1022, 1025-1026 (Utah 2001). The public policy exception is to be narrowly construed. *Id.* A "public policy is 'substantial' if it is of

"overreaching importance to the public, as opposed to the parties only." *Id*. (quoting *Ryan*, 972 P.2d at 405).

The Utah courts have not previously recognized that the defense made available by § 76-2-401(a) supports a claim of wrongful discharge in violation of public policy. In the absence of clear direction from those courts, this court will not recognize such a public policy exception. Further, such an exception would unreasonably eliminate an employer's ability to evenhandedly enforce strict workplace safety rules against any form of fighting or physical confrontation on the job site.

The court will next address Plaintiff's claim of retaliatory discharge. It is undisputed that Plaintiff was discharged on August 5, 2002, following an incident at work. During the incident, she threw a PVC coupling that struck and injured her coworker–an injury she contends was minor. Shortly thereafter, Defendant notified her she was discharged for violating the company policy against "fighting, physical confrontation, or similar disorderly conduct on Company property." Cragin Aff. Ex. 5 at 15. At the same time, the coworker involved in the incident was discharged for violating the company policy against inappropriate sexual behavior at work.

The court finds that there is an issue of fact as to why Plaintiff threw the PVC coupling at her co-worker, a dispute detailed below in connection with Plaintiff's Title VII claim. However, it is undisputed that Plaintiff threw the object at her coworker on company property and that he was injured.

> Title VII makes it an unlawful employment practice for an employer "to discriminate against any of [its] employees ... because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42

U.S.C. § 2000e-3(a). In the absence of direct evidence, claims of retaliation are subject to the Supreme Court's burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973). Under that framework, a plaintiff must begin by putting on a prima facie case of retaliation. The prima facie case encompasses three elements. First, plaintiff must show that she engaged in protected opposition to discrimination. *Williams v. Rice,* 983 F.2d 177, 181 (10th Cir. 1993). This type of activity can range from filing formal charges to complaining informally to supervisors. *Hertz v. Luzenac America, Inc.,* 370 F.3d 1014, 1015 (10th Cir. 2004). Under the second prong of the prima facie case, a plaintiff must demonstrate that her employer took an adverse employment action against her subsequent to or after the protected activity. *Williams,* 983 F.2d at 181. The existence of an adverse employment action is determined on a case-to-case basis and does not include "a mere inconvenience or an alteration of job responsibilities." *Heno v. Sprint/United Mgmt. Co.,* 208 F.3d 847, 857 (10th Cir. 2000). Instead, to constitute an adverse action, the employer's conduct must be "materially adverse" to the employee's job status. *Sanchez v. Denver Pub. Schs.,* 164 F.3d 527, 533 (10th Cir. 1998). For example, conduct that effects "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits" will be deemed an adverse employment action. *Hillig v. Rumsfeld,* 381 F.3d 1028, 1032-33 (10th Cir. 2004). Finally, under the third prong of the prima facie case, the plaintiff must establish a causal connection between the protected activity and the adverse action. *Williams,* 983 F.2d at 181.

If the plaintiff establishes her prima facie case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for taking the adverse employment action. *Wells v. Colo. Dept. of Transp.,* 325 F.3d 1205, 1212 (10th Cir. 2003). Thereafter, if the defendant meets its burden, summary judgment against the plaintiff is warranted unless she shows that there is a genuine issue of fact as to whether the defendant's reason is pretextual. *Id.* The plaintiff meets her burden here if she demonstrates "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in her employer's proffered reason such that "a reasonable factfinder could rationally find them unworthy of credence." *Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1179 (10th Cir. 1999).

*Medina v. Income Support Div., New Mexico*, __ F.3d __, 2005 WL 1519061 (10th Cir. 2005) (citations partially omitted).

4

In this case, Plaintiff has shown she was engaged in protected activity--informal complaints to her immediate supervisor about sexual harassment by a co-worker. She has also shown that her employer took adverse employment action against her shortly thereafter. She established a possible causal connection by showing evidence that the events were in close temporal proximity–within two weeks of one another. However, Defendant has come forward with evidence of a legitimate, nondiscriminatory reason for taking the adverse employment action, namely the violation of the company policy against physical confrontation at work. Plaintiff has not shown that there is a genuine issue of fact as to whether the defendant's reason is pretextual. Her evidence shows that she was subjected by a co-worker to an unwanted and forcible sexual touching when the coworker ground his pelvis against her and called her a vulgar name. Her evidence shows that she threw the object at him in an attempt to escape from his action. She contends that the company terminated her for her defective performance in the form of throwing the object and that such poor or defective performance was the direct result of the harassment. She contends that "terminating an employee because poor work performance which is the direct result of the harassment is discriminatory and cannot amount to a 'legitimate nondiscriminatory reason.'" Pl.s' Response Mem. at 44 (quoting *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 549 (10th Cir. 1999).

However, there is no evidence that Plaintiff was terminated for defective or poor work performance. To the contrary, the parties agree that Plaintiff was a good employee. *E.g*. Logan Aff. At ¶9 (affidavit of Plaintiff's direct supervisor). However, it remains uncontradicted that she threw the object and that a co-worker was injured–whether or not

the injury was unintentional and minor.  On the record submitted for summary judgment, Plaintiff has not met her burden of demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in her employer's proffered reason such that "a reasonable factfinder could rationally find them unworthy of credence."  *Id.*  Accordingly, the court must grant summary judgment on the claim of retaliation.

Finally, the court addresses the Title VII claim.  Defendant contends that Plaintiff has failed to show evidence that the employer should be liable for the alleged sexual harassment perpetrated against Plaintiff by a co-worker.  Defendant further contends that, even if Plaintiff could establish employer liability, that the alleged harassment was not sufficiently severe or pervasive enough to be actionable harassment under Title VII.

> An employer is absolved of liability for acts of harassment by its employees if it undertakes remedial and preventative action "reasonably calculated to end the harassment." *Adler,* 144 F.3d at 676 (quoting *Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir. 1991)).  If the employer's response ends the harassment by the employee in question, we presume that the remedial action was sufficient.  *Id.*  Where the response is not effective, we examine the timing of the employee's complaint, the speed of the employer's response, and the gravity of the punishment relative to the alleged harassment. *Id.*

*Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1310 (10th Cir. 2005).

> Of course, [f]or a hostile environment claim to survive a summary judgment motion, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Penry,* 155 F.3d at 1261 (quoting *Davis v. United States Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir. 1998)); *see Meritor,* 477 U.S. at 67.  The severity and pervasiveness of the conduct must be judged from both an objective and a subjective perspective.  "[T]he objective severity of harassment should be

>judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' " *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75 (1998). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances ... [,] includ[ing] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23. Finally, we note that the severity and pervasiveness evaluation is particularly unsuited for summary judgment because it is " 'quintessentially a question of fact.'" *Beardsley v. Webb,* 30 F.3d 524, 530 (4th Cir.1994); *cf. Smith,* 109 F.3d at 1264 (stating that " 'summary judgment should seldom be used in employment discrimination cases' " (quoting *Crawford,* 37 F.3d at 1341)).

*O'Shea v. Yellow Technology Services, Inc.*, 185 F.3d 1093, 1097-98 (10th Cir. 1999).

The following is a summary of Plaintiff's evidence, viewed in the light most favorable to her as the party opposing summary judgment. Defendant disputes much of this evidence. Plaintiff's co-worker was sexually harassing her, making offensive sexual conversation and repeatedly making unwelcome advances to her. This behavior, especially his sexual conversation, was known throughout the small store. Plaintiff consistently refused his advances and eventually complained to management about the advances and the sexual conversation. She complained to her immediate supervisor. She also complained to the person who, although he was not technically a supervisor, exercised managerial and supervisory authority over Plaintiff and "ran" the store when direct supervisors were not present. Defendant's Employment Policies provide that employees must report sexual harassment to "an immediate supervisor or to the Human Resources Department." Cragun Aff. Ex. 3. Plaintiff complied with this policy by reporting her co-worker's behavior to both her official immediate supervisor and to the individual who frequently functioned as her immediate supervisor. Both of these supervisors discussed

7

the complaint with the co-worker.  The co-workers' behavior did not stop.  Instead the coworker began to spread gossip of a sexual nature about Plaintiff.  On August 1, 2002, he angrily confronted her at work because she would not go out with him, accused her of being a lesbian, and was angry about her plans to socialize with another employee.  Plaintiff's evidence is that the August 1 confrontation was physical.  Defendant's position is that it had no notice that the August 1 confrontation was physical.  Regardless, Plaintiff's evidence is that her immediate supervisor overheard the August 1 confrontation, talked to the coworker about it, but otherwise took no action.  Hillman Aff. at ¶¶ 10-12.

After Plaintiff rebuffed her coworker's August 1 demand to stop her social plans that did not include him, her coworker retaliated by making a complaint to management about a note she had posted on the cash register.  Plaintiff had cleared the note with her supervisor.  Plaintiff found out about her co-worker's complaint about the note shortly before he came to her office of August 5, 2002, and threatened to have her fired.  When she responded, "Why, because I won't go out with you?" he backed her against a desk, "ground" his pelvis against her and called her a vulgar name.  She responded by throwing the PVC coupling at him and thereby escaped.

The court finds that this evidence meets Plaintiff's burden of showing material issues of fact precluding summary judgment on her Title VII claim as to both employer liability and sufficient and pervasive harassment.  A reasonable jury could find that Plaintiff was subjected to unwanted and offensive sexual discussion and sexual advances by a co-worker.  A reasonable jury could find that she complied with the company policy by complaining to her immediate supervisors, that the actions they took were not effective in

stopping the harassment, that the harassment instead immediately escalated to the spreading of sexual allegations about the Plaintiff in the workplace, followed by the August 1 angry confrontation and then the angry confrontation on August 5.  A reasonable jury could find that both confrontations were coupled with physical aggression.  Thus, although the harassment was of relatively short duration following her complaints, a reasonable jury could find that the harassment severe because it was physically threatening and unreasonably interfered with her work–especially if the jury finds that the coworker threatened and assaulted her in her office.  Plaintiff has alleged damages from the sexual harassment.  Accordingly, the court will deny Defendant's Motion for Summary Judgment on the Title VII sexual harassment claim.

      It is therefore

      ORDERED that Defendant's Motion for Summary Judgment is GRANTED IN PART and summary judgment is granted in favor of Defendant Stock Building Supply on Plaintiff's claims of wrongful discharge and retaliation.  It is further

      ORDERED that Defendant's Motion for Summary Judgment is otherwise DENIED.

      DATED  July 29, 2005.

                                 BY THE COURT:

                                  _____
                                  TED STEWART
                                  United States District Judge